**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RUSSELL CATES,** ) | |
| **ID # 38525-177,** ) | |
|         **Movant,** ) | **No. 3:13-CV-1130-G-BH** |
| **vs.** ) | **No. 3:09-CR-0018-F** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|         **Respondent.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, filed March 15, 2013 (doc. 2), the amended § 2255 motion, filed May 30, 2013 (doc. 11), and the second amended § 2255 motion, filed June 19, 2013 (doc. 17), should be **DENIED** with prejudice.

**I. BACKGROUND**

Federal inmate Russell Cates (Movant) challenges his federal conviction and sentence in Cause No. 3:09-CR-018-F. The respondent is the United States of America (Government).

**A.    Conviction and Sentencing**

On January 21, 2009, Movant was charged by indictment with possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (*See* doc. 1).[1] He pled not guilty, and after his motion to suppress was denied (docs. 21, 29, 31, 35), he was tried before a jury on May 27-June 5, 2009.

The evidence at trial established that on July 11, 2008, in West, Texas, Leland Harris's house and garage were burglarized, and his 1990 maroon GMC Suburban and other items were stolen. (R.

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:09-CR-018-F.

1:45-48). Three days later, on July 14, 2008, a .38 revolver was stolen from Boyce Petty's home in Rockwall County, Texas. (R. 1:55-62). On that same day, Dallas Police Officers James Kennedy and Frederick Frazier, and other members of a fugitive task force, received information about Movant's location and the maroon vehicle he was driving. After Officer Kennedy saw him drive up in the stolen maroon Suburban and enter a motel room in Mesquite, Texas, about a twenty-minute drive from Petty's house, they arrested him on an outstanding felony warrant. (R. 1:64-68, 80-81, 89-90). Officer Kennedy had seen Movant leaning down towards the floorboard of the Suburban for approximately ten seconds before Movant got out. (R. 1:69-71). After Movant entered the motel, Officer Frazier looked through the open front window of the Suburban and saw the wooden butt of a pistol on the floorboard (R. 1:84-89). After the arrest, Officer Kennedy searched the vehicle and found Petty's handgun under the floor mat on the driver's floorboard, the butt of the gun facing towards the pedals. (R. 1:72-74). Also found in the vehicle were a gas can, a safe, a wooden box, and an electric meter, all property stolen from either Harris or Petty. (R. 1:48-54, 78).

The jury found Movant guilty as charged in the indictment. (doc. 60.) After a sentencing hearing on December 10, 2009, he was sentenced to 120 months' confinement, followed by two years supervised release. (doc. 67.) He appealed his conviction and sentence, and the Fifth Circuit affirmed in an unpublished opinion on February 15, 2011. *United States v. Cates*, 411 Fed. App'x 745 (5th Cir. Feb. 15, 2011). The Supreme Court denied his petition for writ of certiorari on April 2, 2012. *See Cates v. United States*, No. 10-10619 (U.S. April 2, 2012).

**B.     Substantive Claims**

In his initial § 2255 motion, Movant asserted the following claims:

(1) his trial attorney was ineffective for failing to raise fingerprint analysis on the firearm as an issue at trial (ground one);

(2) the enhancement to his sentence under the Armed Career Criminal Act was incorrectly applied (ground two);

(3) the district court did not have proper jurisdiction over him because he was still in state court custody when he was indicted on the federal charge (ground three).

In his first and second amended § 2255 motions, Movant added the following claims:

(4) his trial counsel was ineffective for:

>–failing to challenge the validity of the arrest warrant as lacking probable cause to make an arrest (supplemental ground one);
>
>–conceding that movant possessed the vehicle in which the firearm was located (supp. ground two);
>
>–failing to adequately inform movant of his right to testify on his own behalf (supp. ground three);
>
>–failing to request a more specific jury instruction regarding the requirement that movant must knowingly possess a firearm (supp. ground four; 2nd supp. ground one);
>
>–failing to object to the district court's authority to impose a sentence that may be imposed in state court and for failing to argue that the state sentences run concurrently to the federal sentence (supp. ground eight);

(5) his appellate counsel was ineffective for:

>–failing to argue on appeal that the court reporter violated the court reporter's act in failing to record and transcribe the final jury charge (supp. ground five);
>
>–failing to argue on appeal that movant's prior convictions, used to enhance his sentence, were related (supp. ground six);
>
>–failing to challenge the sufficiency of the evidence on appeal (supp. ground seven); and
>
>–failing to oppose the Government's motion to dismiss appeal and failure to argue that previous Fifth Circuit case law was incorrectly decided (2nd supp. ground two).

The Government filed its initial response on May 30, 2013. (*See* Resp. Opp'n Mot. (Resp.).)

Movant filed an initial reply brief on June 4, 2013 ("Reply"). The Government filed a supplemental response on July 15, 2013 ("Supp. Resp."), and movant filed a supplemental reply on August 6, 2013 ("Supp. Reply").

## II. STATUTE OF LIMITATIONS

The Government asserts that the claims raised in Movant's two amended § 2255 motions are barred by the relevant statute of limitations. (Supp. Resp.) "[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With regard to § 2255(f)(1), Movant's conviction became final on April 2, 2012, when his petition for writ of certiorari was denied by the Supreme Court. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Movant mailed his initial § 2255 motion on March 5,

2013, within one year of the date his conviction became final, so it was timely filed.[2] (Mot. at 14). However, he mailed his two amended § 2255 motions more than one year after his conviction became final, and they do not relate back under Rule 15 of the Federal Rules of Civil Procedure to his initial § 2255 motion because they raise new grounds for relief. *See United States v. Gonzalez*, 592 F.3d 675, 679-80 (5th Cir. 2009). Movant does not allege that government action prevented him from filing his amended § 2255 petitions earlier, and he has not alleged any newly recognized right. Therefore, neither § 2255(f)(2) or (3) apply in this case.

Movant asserts that the facts supporting the claims in his two amended § 2255 motions were not available to him until he received the transcripts of his trial. (Supp. Reply at 1-2). Movant initially filed a motion in his criminal case on October 16, 2012, requesting free copies of the transcripts in his case to assist him in filing a § 2255 motion. (doc. 100). The court granted it the following day. (doc. 101). Movant filed additional motions for the transcripts, stating that he had not yet received them as of April 23, 2013. (docs. 106, 110). On April 30, 2013, the court again granted Movant's motion for free transcripts. (doc. 111). On May 31, 2013, the court granted Movant's request for a copy of the final jury charge. (doc. 114). The record reflects that Movant did not receive free copies of the transcripts, as ordered by the court, until after the statute of limitations had expired.[3]

Movant has not demonstrated that the majority of the claims he raised in his first and second amended § 2255 motions were not available until he received the transcripts and the jury charge. To the contrary, the only grounds for relief in the amended motions that appear to be based on the

---

[2]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

[3]  Movant has asserted that his appellate attorney did not advise him when his petition for writ of certiorari was denied on April 2, 2012, and that he only learned of it when he sent a status request to the Clerk's Office. (*See* doc. 102.)

record are Movant's claims that his trial attorney was ineffective for failing to object to the jury charge, and that his appellate counsel was ineffective for failing to argue that the court reporter had violated the law by not transcribing the jury charge. (*See* doc. 113). The facts contained in the trancripts and court record are not newly discovered facts under § 2255(f)(4) sufficient to extend the statutory limitations period. *Santillan v. Cockrell*, 2002 WL 999376. *3 (N.D. Tex. May 9, 2002). The factual bases for Movant's claims were discoverable at trial and immediately thereafter, and on appeal, both prior to the date his conviction became final. *Id.*, *citing Hereford v. McCaughtry,* 101 F.Supp.2d 742, 745 (E.D.Wis.2000). The claims raised in the amended § 2255 motions were not timely raised under § 2255(f) and are therefore barred in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797

(5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Generally, an inability to obtain the trial transcript or the untimely receipt of the transcripts is not an exceptional circumstance that warrants equitable tolling. *See Williams v, Thaler*, 2009 WL 4858064, *2 (N.D. Tex. Dec. 14, 200); *Davis v. Quarterman,* 2007 WL 316903, *2 (N.D. Tex. Feb.2, 2007); *Wright v. Dretke,* 2005 WL 1639321 (N.D.Tex. Jul.11, 2005). As noted, the factual bases for the claims that appear to be based on the record were discoverable at trial and immediately thereafter, and prior to the date Movant's conviction became final. He has not been misled about his rights. For these reasons, Movant has not shown exceptional circumstances that warrant equitable tolling, even though he sought and was granted free copies of the transcripts of his trial and sentencing hearings in October of 2012,[4] but he did not receive them until after the statute of limitations had lapsed. The claims raised in Movant's two amended § 2255 motions are therefore barred by the relevant statute of limitations. In an abundance of caution, however, those grounds are also considered on their merits.

### III.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.

---

[4] Indigent defendants do not have a constitutional right to free copies of transcripts or other court records for use in a collateral proceeding. *U.S. v. Peralta-Ramirez*, 266 Fed. App'x 360, 361 (5th Cir. 2008) (per curiam) (citing *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976)).

7

1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant asserts that his trial counsel was ineffective for: (1) failing to raise fingerprint analysis on the firearm as an issue at trial (ground one); (2) failing to challenge the validity of the arrest warrant as lacking probable cause to make an arrest (supplemental ground one); (3) conceding that he possessed the vehicle in which the firearm was located (supp. ground two); (4) failing to adequately inform him of his right to testify (supp. ground three); (5) failing to request a more specific jury instruction about the requirement that Movant must knowingly possess a firearm (supp. ground four; 2nd supp. ground one); and (6) failing to object to the court's authority to impose a sentence that may be imposed in state court and to argue that the state sentences should run concurrently to the federal sentence (supp. ground eight).

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for

his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot

satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.  **Fingerprint Evidence**

Movant first asserts that his attorneys failed to raise the lack of fingerprint evidence as an issue at trial. They raised this issue on more than one occasion-- during opening statements (R. 1:38), during cross-examination of Government witnesses (R. 1:79-80, 93), and during closing statements (R. 2:14-15). Counsel argued that there was no direct evidence, either through eyewitnesses or fingerprint evidence, that Movant ever held the gun found in the vehicle. (R. 2:13-15). Counsel was therefore not ineffective for failing to raise this as an issue.

To the extent that Movant is asserting that counsel failed to further investigate the case by having the firearm tested for fingerprints, "[a] movant 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome' of the proceeding." *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008), *quoting United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)); *see also Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (same holding in habeas action brought by state prisoner). Movant has not demonstrated that such testing would have been granted if requested, that it would have benefitted his case, or that there is a reasonable probability that the outcome would have been different if Movant's fingerprints were not found on the gun. Counsel argued at trial that the Government had not demonstrated that Movant possessed the firearm because, among other things, there was no evidence that his

10

fingerprints were on the gun. The evidence established that Movant was seen several days earlier driving a car that was stolen from a home in West, Texas, with a firearm that had been stolen from another home earlier that day visible on the floorboard of the car. Counsel provided reasonably effective assistance in arguing that the Government had failed to prove its case; he was not ineffective for failing to seek testing for potential fingerprint evidence.

**B.     Arrest Warrant**

Movant next asserts that his trial counsel failed to challenge the validity of the outstanding felony warrant upon which he was arrested. He asserts in a conclusory manner that "an impartial judicial officer must assess whether the police have probable cause to arrest," (1st Amended Mot. at 1). He also asserts in his supplemental reply that counsel was ineffective for failing to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to challenge the accuracy of the affidavit in support of the arrest warrant as having "false and misleading information." (Supp. Reply at 2). Movant presents no evidence or argument that the outstanding warrant was not signed by a judicial officer or that there were any false statements in the affidavit. Conclusory allegations of ineffective assistance of counsel do not warrant habeas relief. *Miller v. Johnson*, 200 F.3d at 282.

**C.     Possession of Vehicle**

Movant further asserts that counsel conceded that he possessed the vehicle. (1st Amended Mot. at 2). He first asserts that this constituted a constructive denial of counsel. However, a constructive denial of counsel, where the prejudice prong of the *Strickland* standard is presumed, occurs only where a defendant is denied the meaningful assistance of counsel at a critical stage of the proceedings, not merely because a defense attorney fails to oppose the prosecution at specific points in the trial. *Johnson v. Cockrell*, 301 F.3d 234, 238-39 (5th Cir 2002), *citing United States v. Cronic*, 466 U.S. 648 (1984). Movant is asserting that counsel was ineffective for failing to argue

11

a specific issue at trial. This is a claim analyzed under the *Strickland* standard.

At trial, counsel conceded that Movant possessed the stolen car because police officers saw him drive it to the motel and park it in the motel parking lot. Movant has not explained how counsel could have credibly argued that he did not possess the vehicle that he was seen driving. He has not shown that his attorneys were ineffective in this regard.

**D.     Right to Testify**

Movant next asserts that his trial counsel failed to "adequately inform [him] of his right to testify on his own behalf." (1st Amended Mot. at 2). He asserts that he would have testified that Officer Kennedy's testimony that he saw Movant driving the vehicle was false, that he was never in possession of the gun, and that he had been in the motel room for quite some time when he was arrested. *Id*. The only reference in the record to any decision by Movant on this issue occurred after the Government closed its case and defense counsel's motion for a judgment of acquittal was denied. At that point, counsel stated on the record that he did not plan to call his client as a witness, and he then rested and closed the defense's case. (R. 1:103-04).

A criminal defendant has the right to testify on his own behalf, and only he may waive this right, not his attorney. *United States v. Mullins*, 315 F.3d 449, 452 (5th Cir. 2002). Where a defendant asserts that his attorney interfered with his right to testify, he must demonstrate both deficiency and prejudice under the *Strickland* standard. *Id*. at 453. Deficiency is established where trial counsel overrides his client's decision to testify. *Id*. Prejudice is demonstrated where there is a reasonable probability that, had counsel not overridden his client's desire to testify, the result of the trial would have been different. *Id*. at 455-56. In *Mullins*, while the Fifth Circuit held that counsel had been deficient by overruling her client's desire to testify, it also held that prejudice had not been shown because she had done so to avoid having her client testify about his extensive

12

criminal record and drug use. *Id*. at 456. Counsel chose, instead, to present his defensive theory through the testimony of other witnesses. *Id*.

Here, Movant has failed to demonstrate either prejudice or deficiency. First, he does not assert that his attorneys interfered with his affirmative decision to plead guilty, only that he was not adequately informed of his right to do so. Furthermore, he has failed to demonstrate a reasonable probability that he would not have been convicted had he testified. Movant's attorneys stipulated to the fact that he had previously been convicted of a felony, one of the elements of the offense for which he was charged, to avoid having a prior felony placed into evidence. (R. 1:102). As set forth in the pre-sentence report (PSR), prior to this federal trial, Movant had: (1) previously pled guilty to two charges of burglary of a building in 2000 and had his felony probation revoked in both cases two years later; (2) been convicted in 2000 of a misdemeanor burglary of a coin-operated machine; and (3) pled guilty in 2000 to robbing an elderly woman of her wallet by pushing her down outside of a store and had his probation revoked later. (PSR ¶¶ 29-32). Movant has failed to demonstrate that had he testified contrary to testimony given by officers at the scene and been subject to cross-examination about this criminal history, there is a reasonable probability that he would not have been convicted. Counsel was not ineffective in this regard.

### E. **Jury Instruction**

Movant further asserts that trial counsel failed to request a "more specific knowledge instruction", and that this denied him an affirmative defense. He cites *United States v. Pennington*, 20 F.3d 593, 600 (5th Cir. 1994), a case in which the defendant was charged with possession of drugs that were hidden; the Fifth Circuit found that the trial court erred by not using the defense's proposed jury instruction defining the term "knowingly" that included language about the effect constructive possession has on a defendant's knowledge. (1st Amend. Mot. at 3; 2nd Amend. Mot.

at 1-2).

The jury received the following instruction defining "knowingly":

> The work "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

(doc. 59 at 15). The testimony from Officer Frazier established that the gun was not hidden. He saw the butt of a gun protruding from under the floor mat when he looked inside the driver's side window. (R. 1:85-90). *Pennington* is therefore not applicable in this case, and counsel was not ineffective for failing to request a more specific jury instruction. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

**F.** **Sentence**

Finally, Movant asserts that his trial counsel failed to "object to the courts [sic] authority to impose sentence that may be imposed in the state court." He also claims that counsel failed to argue that his federal sentences should run concurrently to his state sentences. (1st Amend. Mot. at 5).

To the extent that Movant is asserting that the court did not have jurisdiction over the offense of possession of a firearm by a felon, district courts have jurisdiction over all federal offenses pursuant to 18 U.S.C. § 3231. Movant was charged with a federal offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*See* Indictment). The court therefore had jurisdiction over the case, and counsel was not ineffective for failing to argue this point.

To the extent that Movant is asserting that the court did not have the ability to order that his federal sentence be served consecutively to any subsequently-imposed state sentence, the Supreme Court has held that a federal district court does have this authority. *See Setser v. United States*, 132 S.Ct. 1463, 1468-69 (2012). Counsel was also not ineffective for failing to argue this point.

Further, contrary to Movant's contention, defense counsel did request that the federal

14

sentence run concurrently with his state cases. The court partially granted this request by ordering the federal sentence to run concurrently to some state cases, but consecutively to two others. (Sentencing Transcript at 11-13). The two that were ordered to run consecutively were unrelated to the possession of a firearm. One was a pending misdemeanor domestic violence assault case, and one was a pending possession of controlled substance case. (PSR ¶¶ 39-40). Movant's claims of ineffective assistance of trial counsel are without merit and should be denied.

## V. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant asserts his appellate counsel failed to: (1) argue that the court reporter violated the court reporter's act in failing to record and transcribe the final jury charge (supp. ground five); (2) argue on appeal that his prior convictions that were used to enhance his sentence were related (supp. ground six); (3) challenge the sufficiency of the evidence on appeal (supp. ground seven); and (4) oppose the Government's motion to dismiss his appeal (2nd supp. ground two).

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, petitioner must show a reasonable probability that but for his counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments

based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

### A. Jury Charge

Movant first asserts that his appellate attorney failed to argue that the jury instructions given to the jury are not transcribed in the transcript. (1st Amend. Mot. at 3). He has failed to demonstrate any prejudice. The jury charge is a part of the record. Movant does not assert that any portion of it was misread by the district court. He also does not assert any error generally with respect to the charge. He has therefore failed to demonstrate that there is a reasonable probability that his conviction would have been reversed had this issue been raised. Counsel was not ineffective.

### B. Prior Convictions

Movant next asserts that appellate counsel failed to argue that he should not have been sentenced as an armed career criminal pursuant to the Armed Career Criminals Act (ACCA) because his previous convictions were related. (1st Amend. Mot. at 4). His sentencing guideline level was determined to be 34, based on three prior convictions for violent felonies (one robbery and two burglaries of a building) and the fact that he stole the firearm at issue when he committed burglary. (*See* PSR ¶ 25). His criminal history was determined to be Category VI based on the previous felonies and because he used or possessed a firearm in connection with a crime of violence. (*See* PSR ¶ 36). Based on these determinations, his sentencing guideline range was determined to be 262 to 327 months, but he was sentenced to the maximum 120 months for the charged offense. (*See* PSR ¶ 71). Defense counsel objected to the enhancement in sentencing based on the ACCA, arguing that the burglaries were not violent felonies, and that they were not committed on different occasions and

16

were instead related. The court overruled this objection and adopted the PSR. (Sent. Trans. at 3-7).

The two burglaries and the robbery are violent felonies under the ACCA. *See United States v. Davis*, 487 F.3d 282, 287 (5th Cir. 2007); *United States v. Ressler*, 54 F.3d 257 (5th Cir. 1995). Movant possessed the firearm in connection with a crime of violence when he stole it while committing a burglary. *United States v. Luna*, 316, 323 (5th Cir. 1999). While he committed the two previous burglaries on the same day, they were at two different buildings in Mesquite at two different times. (*See* PSR ¶¶ 29-30). They are two separate offenses for purposes of the ACCA. *See United States v. Fuller*, 453 F.3d 274, 278-79 (5th Cir. 2006). Appellate counsel was not ineffective for failing to raise this issue on appeal. *See United States v. Phillips*, 210 F.3d at 348 (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal).

**C.     Sufficiency of Evidence**

Movant also asserts that appellate counsel failed to argue that the evidence was insufficient to support his conviction. (1st Amend. Mot. at 4).

Review of the sufficiency of the evidence to support a criminal conviction is "highly deferential to the verdict." *United States v. Redd*, 355 F.3d 866, 872 (5th Cir. 2003). The evidence is deemed sufficient to support a conviction if, viewing the evidence in the light most favorable to the conviction and drawing all reasonable inferences from the evidence, the elements of the offense were established beyond a reasonable doubt. *United States v. Myers*, 104 F.3d 76, 78 (5th Cir. 1997). Proof to support a conviction may be direct or circumstantial, and the jury is free to choose among reasonable constructions of the evidence. *United States v. Anderson*, 174 F.3d 515, 522 (5th Cir. 1999).

Viewing the evidence presented at trial in the light most favorable to conviction, the

Government presented sufficient evidence that Movant possessed a visible firearm in a car that he was driving, that the firearm had been stolen only a few hours earlier close to the location where he was apprehended, and that he was seen leaning down towards the location of the gun before he exited the vehicle. Movant has not demonstrated either that counsel was ineffective for failing to raise this claim, or that there was a reasonable probability that his conviction would have been reversed if it had been raised.

**D.     Motion to Dismiss**

Finally, Movant asserts that appellate counsel failed to oppose the Government's motion to dismiss in the Fifth Circuit and to argue that a prior decision was incorrectly decided. He first states in a conclusory manner that he was constructively denied appellate counsel and that prejudice should be presumed. He was not constructively denied counsel on appeal because appointed counsel argued several grounds on appeal. Therefore, prejudice must be demonstrated. *Lofton v. Whitley*, 905 F.2d 885, 887 (5th Cir. 1990).

On appeal, the Government sought a summary affirmance of Movant's conviction on grounds that his arguments were foreclosed by Fifth Circuit precedent. This motion was granted by the Fifth Circuit. *See Cates*, 411 Fed. App'x at 746. Movant has neither alleged nor demonstrated how any opposition would have been successful. He also presents no argument in support of his conclusory claim that appellate counsel should have argued that that a prior Fifth Circuit case was no longer valid. He has failed to demonstrate that his issues were non-frivolous. This ground for relief is without merit and should be denied.

## VI.  DISTRICT COURT ERRORS

Movant further claims that the district court erred in applying enhancements to his sentence based on the sentencing guidelines, and that it did not have proper jurisdiction because he was still

in state custody when he was indicted for a federal crime.

Movant did not raise these claims on direct appeal. Where a § 2255 movant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998), *citing Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986). Movant alleges neither. It has previously been determined that the district court did not err in sentencing Movant as an armed career criminal and that it had subject matter jurisdiction over the charged offense. These grounds are without merit and should be denied.

## VII.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

## VIII.  RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice.

**SIGNED this 16th day of June, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE